IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **KAVIN M. CARTER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 19-2642-MSN-tmp |
| | ) |
| **KRISTI N. TRUITT,** | ) |
| | ) |
| Defendant. | ) |

_____

REPORT AND RECOMMENDATION
_____

On September 19, 2019, plaintiff Kavin M. Carter, filed a *pro se* complaint and a motion to proceed *in forma pauperis*.[1] (ECF Nos. 1 & 2.) The undersigned granted Carter leave to proceed *in forma pauperis*. (ECF No. 6.) As a result, the court must screen the complaint under 28 U.S.C. § 1915. Based on the following analysis, it is recommended that the complaint be dismissed.

### I.    PROPOSED FINDINGS OF FACT

In the complaint, Carter alleges that Kristi N. Truitt was the probation/parole officer with the State of Tennessee Department of Corrections who has been assigned to supervise him.

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

(ECF No. 1, at 2.) Carter asserts that Truitt submitted false documents to her supervisor and "used her power as probation officer to deny [Carter's] civil rights." (Id.) The complaint states that Truitt "abused her duties in a hostile and intimidating way." (Id.) The complaint contains no other factual allegations.

## II. PROPOSED CONCLUSIONS OF LAW

### A. Section 1915 Screening

Pursuant to § 1915, in proceedings *in forma pauperis*, the court shall dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In order to state a claim upon which relief may be granted, "a plaintiff must allege facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." Mills v. Barnard, 869 F.3d 473, 479 (6th Cir. 2017) (internal quotation marks omitted). When reviewing a complaint under this standard, the court construes the complaint "in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Id. (quoting Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007)). "A claim is plausible on its face if the 'plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The court need not "accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted).

While courts liberally construe *pro se* arguments, even *pro se* complaints must satisfy the plausibility standard. Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to pro se litigants has limits."). "The basic pleading essentials are not abrogated in pro se cases." Matthews v. City of Memphis, No. 2:14-cv-02094, 2014 WL 3049906, at *3 (W.D. Tenn. July 3, 2014) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)). "Courts 'have no obligation to act as counsel or paralegal' to pro se litigants." Id. (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). "Courts are also not 'required to create' a pro se litigant's claim for him." Id. (quoting Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003)).

**B.   § 1983 Claim**

- 3 -

Carter seeks to assert a § 1983 claim against Truitt. "To state a cognizable claim against an individual under § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." Heyerman v. Cty. of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012) (internal quotation marks omitted). "Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." Id. (citations omitted). "Section 1983 is not itself a source of any substantive rights, but instead provides the means by which rights conferred elsewhere may be enforced." Meals v. City of Memphis, 493 F.3d 720, 727 (6th Cir. 2007) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A plaintiff's "failure to establish any violation of a federal right" is grounds to dismiss for failure to state a claim under § 1983. Wiles v. Ascom Transp. Sys., 478 F. App'x 283, 285 (6th Cir. 2012); see also Coleman v. Parra, 163 F. Supp. 2d 876, 882 (S.D. Ohio Nov. 3, 2000) ("Absent such a violation, no cognizable claim exists under § 1983."). Accordingly, the "first task" of the court "is to identify the specific constitutional or statutory rights allegedly infringed." Meals, 493 F.3d at 727–28 (citing Graham v. Connor, 490 U.S. 386, 394 (1989)).

In this case, Carter has not identified any "specific constitutional or statutory rights allegedly infringed" by Truitt. See id. Rather, he complains of Truitt "using her power as probation officer to deny [his] civil rights." (ECF No. 1 at 2.) General references to abuse of authority do not plausibly allege a constitutional violation. See Meals, 493 F.3d at 727-28. The lone allegation of any misconduct by Truitt states that she "submitted false documents" to her supervisor. (ECF No. 1 at 2.) Carter does not state what constitutional right this conduct purportedly violates, and this court is under no obligation to craft Carter's claim for him. See Matthews, 2014 WL 3049906, at *3. Because Carter fails to plausibly allege a constitutional deprivation, his complaint fails to state a claim under § 1983. See Baker, 443 U.S. at 146-47 ("Having been deprived of no rights secured under the United States Constitution, respondent had no claim cognizable under § 1983.").

**C.  The Heck Doctrine**

Carter has not alleged that Truitt's purportedly unconstitutional conduct has led to revocation of his probation/parole and incarceration. To the extent Carter seeks to do so, his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny. "In Heck, the Supreme Court held that a state prisoner cannot pursue a § 1983 claim for damages if the

prisoner's success would 'necessarily imply the invalidity of his conviction or sentence[.]'" LaFountain v. Harry, 716 F.3d 944, 950 (6th Cir. 2013)(quoting Heck, 512 U.S. at 487). "The Court later extended its holding to suits that challenge the procedures used in prison-disciplinary proceedings when the results of those proceedings impact the duration of a prisoner's sentence." Id. (citing Edwards v. Balisok, 520 U.S. 641, 646, 648 (1997)). "The Court has since explained the rule as follows: 'a state prisoner's § 1983 action is barred (absent prior invalidation [of his conviction])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" Id. (quoting Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)).

The Heck doctrine applies to § 1983 actions in which plaintiffs seek to "challeng[e] state parole revocation proceedings in the absence of a previous decision by a state or a federal court declaring the parole revocation invalid." Smith v. Taylor-Pedersen, No. 5:17-cv-11532, 2018 WL 2376567, at *3 (E.D. Mich. Apr. 30, 2018) (citing Norwood v. Michigan Dep't of Corrs., 67 F. App'x 286, 287 (6th Cir. 2003); Oakes v. VanDeusen, No. 1:07cv678, 2008 WL 4057838, at *3 (W.D. Mich. Aug. 28, 2008)); see

also Soldan v. Robinson, No. 19-cv-12227, 2019 WL 3892564, at *1 (E.D. Mich. Aug. 19, 2019). The Heck doctrine applies also in the probation context. See Lucas v. Prob. & Parole, No. 3:08CV-P301-S, 2010 WL 694209, at *3 (W.D. Ky. Feb. 23, 2010) ("[W]ere the Court to find that Defendants violated Plaintiff's due process rights by making false allegations in the probation violators warrant and revocation hearing, such an action would necessarily demonstrate the invalidity of Plaintiff's probation revocation and his current confinement."). Accordingly, to the extent Carter seeks to allege that Truitt's conduct has led to revocation of his probation/parole and incarceration, his claims are barred by the Heck doctrine.

### III. RECOMMENDATION

Based on the foregoing analysis, the undersigned recommends that the case be dismissed under § 1915(e)(2).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

November 4, 2019
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND**

**RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**